IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HUGO AMBRIZ, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 4:19-cv-474-O |
| § | |
| UNITED STATES OF AMERICA, et al., § | |
| § | |
| Defendants. § | |

**OPINION and ORDER**

This case was filed by Bureau of Prisons' ("BOP") inmate/plaintiff Hugo Ambriz ("Ambriz") asserting claims against the United States of America and against Raul Leija ("Leija"), a Public Health Service Officer then assigned to Federal Medical Center ("FMC")-Fort Worth as a physical therapist. Compl. 1-2, ECF No. 1. Pending is a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by defendant United States ("USA") and an appendix thereto (ECF Nos. 13, 14), a response filed by Ambriz (ECF No. 19), and the USA's reply (ECF No. 20). Also pending is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) by defendant Raul Leija ("Leija") (ECF No. 16) and an appendix thereto (ECF No. 17). Ambriz did not respond to Leija's motion to dismiss. After considering the relief sought by Ambriz, the record, the briefing and the applicable law, the Court finds that the motions to dismiss must be **GRANTED**.

**I.    BACKGROUND/COMPLAINT**

Ambriz is a federal inmate at FMC-Fort Worth. Compl. 2, ECF No. 1. As noted, he filed this civil action on June 17, 2019, naming as defendants the United States and Leija. *Id*. Ambriz identifies the Federal Tort Claims Act ("FTCA") as the basis for his claim against the United States and generally alleges he received inadequate medical care at FMC-Fort Worth. *Id.* at 8-14. As

1

required by the FTCA, Ambriz filed an administrative claim with the BOP prior to filing this lawsuit. USA App. 3 (Declaration of Brenda Victor ¶¶ 1-6), 4-9, ECF No. 14.[1] After filing the administrative claim on May 6, 2019, Ambriz waited only a little over a month before filing suit, on June 17, 2019. Compl. 1, ECF No. 1. At the time suit was filed, the BOP had not issued any decision on the administrative claim. USA App. 3 (Declaration of Brenda Victor ¶ 6), ECF No. 14. The United States now moves to dismiss the complaint for lack of jurisdiction.

As to defendant Leija, Ambriz has sued him pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Ambriz generally alleges that Leija, while working as a physical therapist at FMC-Fort Worth, improperly examined and treated him for a pre-existing shrapnel injury to his right foot and made erroneous entries in Ambriz's medical records that caused injury to Ambriz. Compl. 3-6, 12-13, ECF No. 1. Leija, however, moves to dismiss on the basis that he is entitled to absolute immunity from Ambriz's suit. Leija Mot. to Dismiss, ECF Nos. 1-4.

## II. DEFENDANT USA'S MOTION TO DISMISS

### A. Law Applicable to Motions under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when a federal district court does not have the right to exercise its limited jurisdiction over the subject matter presented in the complaint. "Federal courts must resolve questions of jurisdiction before proceeding to the merits." *Ashford v. United States*, 463 F. App'x 387, 391-92 (5th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 283 & n.6 (5th Cir. 2011), and *Jasper v. FEMA*, 414 F. App'x 649, 651 (5th Cir. 2011)). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter

---

[1] The Court may consider materials outside the pleadings in connection with the motions to dismiss under Rule 12(b)(1). *See text infra.*

jurisdiction is lacking. This is the first principle of federal jurisdiction." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (quotation and citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). The Court may consider matters outside the pleadings and attachments thereto in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Vinzant v. United States*, No. 2:06-cv-10561, 2010 WL 1857277, at *3 (E.D. La. May 7, 2010) (FTCA case) (citing *Ambraco*, *Inc. v. Bossclip B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009)); *see also Allen v. Schafer,* No. 4:08-cv-120-SA-DAS, 2009 WL 2245220, at *2 (N.D. Miss. July 27, 2009) ("It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts") (citing *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986)).

### B.   Law Applicable to Exhaustion of Administrative Review

The FTCA provides that the jurisdiction authorized under 28 U.S.C. § 1346(b) for civil actions for loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment, is an exclusive remedy against the United States. 28 U.S.C. § 1346(b) (West 2019); 28 U.S.C. § 2679(b)(1) (West 2006). The United States is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit." *United States v. Testan,* 424 U.S. 392, 399 (1976). The Supreme Court has recognized that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981) (citations omitted). The requirement of exhaustion of administrative review "is a

3

jurisdictional requisite to the filing of an action under the FTCA" and cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) (citations omitted).

This Court's subject matter jurisdiction over an action against the United States under the FTCA is thus expressly conditioned upon compliance with the language of 28 U.S.C. § 2675(a), which requires that a claimant "shall have first presented the claim to the appropriate federal agency," and either obtain a written denial of the claim or wait six months after its filing at the appropriate agency to deem the agency decision as a final denial. *See* 28 U.S.C. § 2675(a) (West 2006). "Even though the requirements of § 2675 are minimal, an FTCA claimant must nonetheless provide facts sufficient to allow his claim to be investigated and must do so in a timely manner." *Cook v. United States on behalf of U.S. Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992). The statute provides in detail:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, unless the claimant shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months *after* it is filed shall, at the option of the claimant *any time thereafter*, be deemed a final decision of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

Thus, the claimant may not bring suit in district court on the claim until the claim has been finally denied by the agency in writing, or the agency has failed to adjudicate the claim within six months of its filing. 28 U.S.C. § 2401(a) (West 2019); 28 U.S.C. § 2675(a); *see Price v. United States*, 63 F.3d 46 (5th Cir. 1995); *see also Reynolds v. United States*, 748 F.2d 291 (5th Cir 1984) (finding that a district court was required to dismiss a complaint asserting claims under the FTCA that was filed before the federal agency had sent the Plaintiff written notice of denial of administrative claim).

4

The Supreme Court recognized that strict compliance with the administrative exhaustion procedures outlined in the FTCA is required of a plaintiff who institutes an action against the United States. *See McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that failure to completely exhaust administrative remedies *prior* to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion *after* suit is filed). In *McNeil,* the Supreme Court so held even though the plaintiff was a prisoner proceeding *pro se* and the dismissal of the compliant left him with no recourse against the United States, given that his six-month window of opportunity to file a new FTCA case had already elapsed. *Id.* at 112-13 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). As one district court has explained, "[a]lthough the result is a harsh one, it is in keeping with the well-established principle that waivers of immunity on behalf of the United States are given a very a narrow construction." *Michalik v. Hermann, et al.,* No. Civ. A. 99-3496, 2002 WL 1870054, at * 3 (E.D. La. Aug. 12, 2002).

### C. Analysis

In the instant case, there is no dispute that Ambriz filed an administrative claim with the BOP pursuant to the FTCA. Compl. 8-9, ECF No. 1; USA App. 3 (Declaration of Brenda Victor), ECF No. 14. The administrative claim was filed on May 6, 2019,[2] and Ambriz then filed this suit only slightly more than a month later (June 17, 2019), without first receiving a decision on the

---

[2] The BOP received the administrative claim on May 6, 2019. USA App. 3, 5, 9, ECF No. 14. Ambriz recites that the administrative claim was filed on April 29, 2019, apparently referring to the date he signed the claim and put it in the mail. Compl. 8, ECF No. 1. The applicable date for the filing of an administrative claim is the date the claim is received by the federal agency, i.e., there is no "mailbox" rule for claims under the FTCA. *See Iracheta v. United States*, No. B:14-135, 2015 WL 13559948, at *8 (S.D. Tex. June 19, 2015) (citing *McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir. 2004)). Any question of whether the administrative claim was considered "filed" on April 29, 2019 or instead on May 6, 2019, is immaterial because Ambriz's suit was premature under either possible date.

5

claim from the BOP. *Id.* Ambriz's failure to either receive a final denial of the claim or to wait the statutorily prescribed six-month period before filing suit, means that jurisdiction is lacking for any claim against the United States in this action. *See Price*, 69 F.3d at 54; *see also Egger v. United States*, No. EP-13-cv-343-KC, 2013 WL 6813914, at *3 (W.D. Tex. Dec. 23, 2013) (dismissing an FTCA suit for lack of jurisdiction where "Plaintiff brought suit before obtaining a final denial from the [agency] and before 28 U.S.C. § 2675(a)'s six-month waiting period expired").

Indeed, Ambriz appears to concede in his complaint that he filed suit prematurely under the FTCA, because he asks the Court to place his claim against the United States "in abeyance and suspense until the due date for the tort claim response arrives, or, until the claim is answered and denied." Compl. 10, ECF No. 14. That is not a permissible option, however, for "curing" the jurisdictional defect created by Ambriz's premature filing. As the Fifth Circuit has explained, "[a]n action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." *Price*, 69 F.3d at 54 (citing *McNeil*, 508 U.S. at 106).

Ambriz also asserts that the Federal Tort Claims Act's administrative process "is an exercise in futility." Compl. 9-10, ECF No. 1. But this argument also fails, because "the FTCA does not admit a futility exception to its exhaustion requirement." *In re Complaint of Ingram Barge Co.*, 351 F. App'x 842, 843 (5th Cir. 2009) (citing 28 U.S.C. § 2675(a); *Gregory*, 634 F.2d at 203-04).

In his response to the USA's motion to dismiss, Ambriz does not dispute that he filed this action prior to receiving a decision form the BOP or allowing six months to elapse, but he suggests that his noncompliance with the statutory prerequisites for filing an FTCA suit should be excused or overlooked. Resp. 3-6, ECF No. 19. But Ambriz provides no legal authority in support of that

6

outcome and, as noted, the FTCA requirements at issue are jurisdictional and cannot be waived.

In support of his response, Ambriz first states that the United States omitted "material relevant facts" from its motion by not telling the Court that it purportedly "willfully failed to respond to the tort claim on or before November 5, 2019," (i.e., six months after the administrative tort claim was filed), which purportedly resulted in "'futility' more or less predicted by Plaintiff in the Complaint." Resp. 3, ECF No. 19. This argument lacks merit. Ambriz filed this action on June 17, 2019, well before the six-month period ended in November 2019. Thus, anything that happened with respect to the administrative tort claim after June 17, 2019, is irrelevant to the question of whether jurisdiction existed in this Court at the time Ambriz filed suit on June 17, 2019. And as explained above, no jurisdiction existed, because Ambriz had neither received any written denial of his administrative claim nor waited the statutorily-mandated six months.

Ambriz also claims that the United States "'laid behind the log' and was inexcusably tardy in filing its motion" to dismiss in response to his Complaint. Resp. 4, ECF No. 19. The record does not support this allegation. The U.S. Attorney's Office was served with the summons for the United States and a copy of the Complaint on November 26, 2019. Return of Service 1, ECF No. 10. The United States therefore had a January 27, 2020 deadline to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12(a)(2) (60-day deadline for the United States to respond to a complaint after service on the U.S. Attorney); *see also* Fed. R. Civ. P. 6(a) (deadline extended to next business day if the deadline would otherwise fall on a weekend). Accordingly, the United States timely responded to Ambriz's complaint through the filing of a motion to dismiss on January 27, 2020. Mot. to Dismiss, ECF No. 13.

Ambriz next argues that dismissal at this stage "would serve no legitimate purpose or reason." Resp. 4, ECF No. 19. The premise of this argument appears to be Ambriz's mistaken belief that the United States "waited an extraordinary period of time to raise its [28 U.S.C.] §

2675(a) issue." Resp. 4-5, ECF No. 19. As noted above, Ambriz is wrong to claim that there was any delay; instead, the United States raised the issue in its very first filing in response to Ambriz's suit. Moreover, because the issue is jurisdictional, it could be raised at any time. *See* Fed. R. Civ. P. 12(h)(3).

The Court finds no merit to Ambriz's argument that not allowing his jurisdictionally improper claim to proceed would somehow "cause . . . great expense and extend the litigation needlessly." Resp. 5, ECF No. 19. The issue is jurisdictional, however, so it would not be permissible to waive Ambriz's noncompliance with the FTCA even if considerations of expense and efficiency were in his favor. Regardless, these considerations do not favor Ambriz. The Supreme Court has made clear that because the FTCA "governs the processing of a vast multitude of claims," the "interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command," which requires that a lawsuit not be filed prior to the issuance of the agency's decision or the passage of six months. *See McNeil*, 508 U.S. at 112. The Supreme Court could not have been clearer in *McNeil*: "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit." *Id.* at 113. In sum, because Ambriz filed suit prematurely under the FTCA, jurisdiction is lacking under that statute, and the complaint should be dismissed as against the United States.

## III. DEFENDANT LEIJA'S MOTION TO DISMISS

### A. Leija's Motion under Rule 12(b)(1)

Defendant Leija moves to dismiss on the basis of absolute immunity. Leija recites that he was, at the time of the events made the basis of Ambriz's complaint, a commissioned officer of the United States Public Health Service and, as such, is immune from claims arising from his

8

official duties. Absolute immunity functions as a jurisdictional bar, and thus a dismissal on that basis is proper under Federal Rule of Civil Procedure 12(b)(1). *See Villanueva v. United States*, No. EP-19-cv-232-FM-ATB, 2020 WL 1234943, at *4 (W.D. Tex. Mar. 13, 2020) ("Thus, where an official is entitled to absolute immunity, that immunity bars the court's jurisdiction as to claims against that official so that dismissal is warranted pursuant to Rule 12(b)(1)") (quoting *Uptergrove v. United States*, No.CV F-08-0303 AWISMS, 2008 WL 2413182, at *5 (E.D. Cal. June 12, 2008) (citation omitted));  *Evans v. Suter*, No. H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007).

### B.    Analysis of Leija's Motion to Dismiss

The Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), recognized an implied private cause of action for certain alleged constitutional violations by federal officials. Leija argues, however, that as he is an officer of the Public Health Service, 42 U.S.C. § 233(a) bars him from being subject to suit under *Bivens*. Leija Mot. Dismiss 2, ECF No. 16. Section 233(a) provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C.A. § 233(a) (West Supp. 2020).

In *Hui v. Castaneda,* 559 U.S. 799 (2010), the Supreme Court determined that this language "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all

actions against them for such conduct." *Castaneda*, 559 U.S. at 806. The Supreme Court also stated that "[b]ased on the plain language of § 233(a), we conclude that PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of such conduct." *Id.* at 802; *see also Jenkins v. United States*, 733 F. App'x 218, 219 (5th Cir. 2018) (affirming dismissal of *Bivens* claim because the defendant's "undisputed status as an employee of the U.S. Public Health Service afforded him absolute immunity"); *Walker v. Reese*, 364 F. App'x 872, 875 n.3 (5th Cir. 2010) (explaining that "§ 233(a) preempts a *Bivens* claim and provides that a plaintiff's sole remedy is a claim brought under the [FTCA]"); *Dorsey v. Relf*, No. 4:12-cv-021-A, 2012 WL 3000219, at *1-2 (N.D. Tex. July 20, 2012).

Defendant Leija provided a declaration in which he attests that, since March 2013, he has been a commissioned officer of the United States Public Health Service, and since June 2016, assigned to the BOP's FMC-Fort Worth facility to serve as a licensed physical therapist. Leija App. 3 (Leija Declaration ¶ 1), ECF No. 17. He also states that any involvement he may have had regarding the acts alleged in the Complaint would have occurred within the scope of his official duties as a USPHS commissioned officer detailed to serve as a physical therapist at FMC-Fort Worth, including with respect to any matters relating to Ambriz's medical care and treatment. *Id*. at ¶ 3. Thus, 42 U.S.C. § 233(a) applies to give Leija absolute immunity from Ambriz's claims.

In this regard, Ambriz complains of Leija's alleged acts or omissions that clearly fall within the scope of Leija's official duties as a physical therapist. For example, Ambriz alleges that Leija's notes of a physical examination of Ambriz—performed as a consultation at the request of another medical professional—were not accurate, including Leija's statement that he believed Ambriz was feigning an illness. Compl. 3-4, ECF No. 1. Ambriz also appears to suggest that the manner in

which Leija conducted the physical examination caused him physical pain, due to an allegedly "bizarre examination methodology and procedure." *Id.* at 3. But such factual allegations necessarily arise out of the medical or related functions that Leija was performing as a U.S. Public Health Service officer within the scope of his employment with the U.S. Public Health Service, assigned to FMC Fort Worth.

Ambriz asserts in the Complaint the cursory allegations that Leija was acting "outside the scope of his physical therapist role" and "outside the scope of his federal job authority." Compl. 12, ECF No. 1. But these are simply conclusory statements, and the facts elsewhere pleaded in the Complaint—not to mention Leija's Declaration—make clear that Ambriz's dealings with Leija occurred entirely within the context of Leija's assigned job as a U.S. Public Health Service officer detailed to serve as a physical therapist at FMC-Fort Worth. Indeed, Ambriz complains of notes made by Leija in his medical records and the conduct of a physical examination, which are clearly medical functions, and Ambriz offers no explanation of why or how Leija could have been making entries in medical records and seeing patients for physical examinations inside the confines of a federal prison, if not for his assignment there as a physical therapist.

Based on the foregoing, this Court concludes that Ambriz's *Bivens* action against defendant Leija is barred by absolute immunity. Thus, Raul Leija's motion to dismiss must be granted on that basis.

IV. **CONCLUSION AND ORDER**

For all of the above and foregoing reasons,

It is **ORDERED** that defendant USA's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 13) is **GRANTED**, such that all plaintiff Hugo Ambriz's claims

against the USA under the Federal Tort Claims Act are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

It is further **ORDERED** that defendant Raul Leija's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 16) is **GRANTED**, such that all plaintiff Hugo Ambriz's claims against Raul Leija are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO ORDERED** on this **15th day** of **July, 2020.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE